Charles J. Hamilton, Respondent, v. The New York Central and Hudson River Railroad Company, Appellant.— Judgment affirmed, with costs.   All concurred.

Jessie Johnson, Respondent, v. Rochester Railway Company, Appellant.— Order affirmed, with costs.   All concurred.

H. Allen Wagener, Respondent, v. The Fidelity and Casualty Company of New York, Appellant.— Judgment and order affirmed, with costs.   All concurred.

James Keough, Appellant, v. Kate Purcell, Respondent.— Judgment and order affirmed, with costs.   All concurred.

John H. Faulkner and Harry M. King, Respondents, v. Paul Aex, Appellant. — Judgment and order affirmed, with costs.   All concurred.

In the Matter of the Final Judicial Settlement of the Accounts of Anna M. C. Wilkin, as Trustee, etc.— Order made and entered herein by this court January 5, 1904, modified so as to permit payments of trust funds herein, upon conditions specified in the order.

John McKie, as Tax Collector, etc., Respondent, v. The Kellogg Land Company, Impleaded, etc., Appellants, and Five Other Cases Against Same Defendant.— Interlocutory judgments affirmed, without costs, upon filing stipulations, with leave to defendant, the Kellogg Land Company, to plead over within twenty days from entry of the judgment herein and service of a copy thereof with notice of entry.

Antoinette Chelius and Another, Respondents, v. John S. Wise and Another, Appellants.— Motion to dismiss appeal denied, without costs, upon the ground that the same is not within rule 41 of the General Rules of Practice.

Angelo Mark, as, etc., v. The Rochester and Eastern Rapid Railway Company. — Appeal of Salvatore Vella dismissed, with costs, including ten dollars costs of motion, unless within ten days said appellant pay to the plaintiff's attorney on this motion ten dollars costs, and serve and file printed papers on appeal as required by the Rules of Practice within thirty days from date of service of a copy of this order together with notice of entry thereof, and be prepared to argue said appeal during the first week of the next regular term of this court. Such service to be made on plaintiff's substituted attorney.

Mary A. Slade, Appellant, v. Robert A. Van Allan, Respondent.— Case restored to calendar upon condition that appellant pay to the respondent's attorney, within ten days, the sum of ten dollars, and serve and file the printed papers on appeal within thirty days.   The date of argument of said appeal to be within the first week of the next regular term of this court.

The People of the State of New York, Respondent, v. Myrtie Lapp, Appellant.— Motion denied, with leave to renew the same after settlement of the case and exceptions.   Upon the renewal of said motion, if made, proof should be furnished to show whether the defendant is then sane or insane.

Addie A. Allen, Respondent, v. Albert H. Pierson and Others, Appellants.— Motion for leave to appeal to the Court of Appeals granted and questions for review certified.

Spencer Kellogg and Spencer Kellogg, Jr., Respondents, v. George F. Sowerby, as President of the Western Elevating Association, and Others, Appellants.—Judgment and order affirmed, with costs.   All concurred; Nash, J., not sitting.

---

SECOND DEPARTMENT, JULY, 1906.

Philip Freel, Appellant, v. Chrome Steel Works, Respondent, Impleaded, etc.

*Negligence — employee of independent contractor engaged in hoisting coal from boat to cars on an elevated track injured by fall of derrick due to defect in iron band which fastened boom to mast — liability of owner of premises where the derrick and other apparatus were furnished by him and were of a permanent character.*

Judgment of the Municipal Court affirmed, with costs.   No opinion.   Hirschberg, P. J., Woodward, Jenks and Hooker, JJ., concurred; Gaynor, J., read for reversal.

GAYNOR, J. (dissenting):   It seems plain to me that the facts of this case are not understood.   The manufacturing plant of the defendant borders along the Wallabout canal in Brooklyn.   It has sheds along the canal for coal, iron, steel, etc.   On the day of the accident barges alongside with coal for the defendant